IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| JEFFREY LYNELL COLE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25CV935 (RCY) |
| | ) | |
| MARCUS DEJUAN WILSON, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This is a negligence action brought by Plaintiff Jefferey Cole ("Plaintiff"), wherein Plaintiff alleges that he suffered injuries stemming from Defendant Marcus Wilson's negligence, gross negligence, and willful and wanton conduct when Defendant Wilson backed his truck into Plaintiff's vehicle. This matter is before the Court on Defendants Wilson and Western Express, Inc.'s (collectively "Defendants") Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Plaintiff's claim for willful and wanton negligence and punitive damages.

The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant in part and deny in part Defendants' Partial Motion to Dismiss.

**I. RELEVANT PROCEDURAL HISTORY**

Plaintiff filed his Complaint in the Circuit Court for the City of Richmond on October 6, 2025. Not. Removal, ECF No. 1. Defendants removed this matter to federal court on November 10, 2025, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id*. On November 12, 2025, Defendants filed their Partial Motion to Dismiss and Memorandum in Support. ECF

Nos. 7, 8. On November 26, 2025, Plaintiff filed his Response in Opposition. ECF No. 9. On December 5, 2025, Defendants filed their Reply to Plaintiff's Response in Opposition ("Reply"). ECF No. 10.

## II. RELEVANT FACTUAL ALLEGATIONS

On November 7, 2023, Plaintiff was parked at Sadler's Truck Stop in Emporia, Virginia, to rest in the back of his truck after several hours of driving. Compl. ¶ 1, ECF No. 7-1. Defendant Wilson was operating a semi-truck owned by Defendant Western Express, Inc. and "came into the truck stop parking area because he had run out of drive time according to his electronic logging device." *Id*. ¶ 2. While attempting to back his truck into the parking spot next to where Plaintiff was parked, Defendant Wilson "slammed the flatbed trailer" into Plaintiff's truck. *Id*. Plaintiff suffered physical injuries, physical pain and mental anguish, inconvenience, medical expenses, and loss of earning capacity. *Id*. ¶ 12.

## III. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). The

plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.*

When deciding a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true the plaintiff's well-pleaded allegations and views all facts and draws all reasonable inferences in the light most favorable to plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such a standard, however, does not require accepting any unreasonable inferences or a plaintiff's legal conclusions. *Id.* At the motion to dismiss stage, the Court may consider the face of the complaint, documents attached to the complaint, documents attached to the motion to dismiss that are integral to the complaint and whose authenticity is unchallenged, and matters of public record subject to judicial notice. *Id.*

## IV. ANALYSIS

For the reasons that follow, the Court finds that Plaintiff has not stated a claim for willful and wanton negligence. However, the Court will not dismiss Plaintiff's request for punitive

damages, as punitive damages are not a cause of action subject to a motion to dismiss. Defendants' Partial Motion to Dismiss will therefore be granted in part and denied in part.

**A. Plaintiff's Complaint Does Not State a Claim for Willful or Wanton Negligence**

Defendants argue that "Plaintiff's generalized allegations . . . do not establish grounds for a claim of willful and wanton negligence," and at most, only allege simple negligence. Mem. Supp. 6–7, ECF No. 8. Additionally, Defendants argue that Plaintiff has merely stated legal conclusions and has failed to include any facts that support a claim of willful and wanton negligence. *Id*. The Court is persuaded.

Virginia recognizes three levels of negligence: simple negligence, gross negligence, and willful and wanton negligence. *Riddick v. Watson*, 503 F. Supp. 3d 399, 425 (E.D. Va. 2020) (citing *Cowan v. Hospice Supp. Care, Inc.*, 268 Va. 482, 486–87 (2004)). Willful and wanton negligence "is defined as acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Id*. Punitive damages are available to a plaintiff who successfully demonstrates willful and wanton conduct. *Id*.

In the context of traffic accidents, the Virginia Supreme Court has summarized the appropriate standard:

> [W]illful and wanton negligence generally involves some type of egregious conduct—conduct going beyond that which shocks fair-minded people. Such conduct has ranged from a driver with a significantly high blood alcohol content involved in an accident after a prior collision with another car, exceeding the speed limit, driving in the wrong lane, and leaving the scene of the accident, to a driver intentionally chasing and running into a bicyclist in a dispute over money, but has not included the actions of a drunk driver who was speeding, took no evasive action to avoid a rear-end collision, and tried to leave the scene of the accident.

*McCann v. Everette*, 2021 WL 1951130, at *10 (E.D. Va. May 14, 2021) (quoting *Harris v. Harman*, 486 S.E.2d 99, 102 (Va. 1997)). The same court distinguished the general rule in *Harris* and found that a defendant truck driver's specialized safety training related to the very omission the defendant made, resulting in the accident, could be sufficient facts to establish willful and wanton negligence. *Alfonso v. Robinson*, 514 S.E.2d 615, 619 (Va. 1999).

Here, the Complaint contains conclusory statements and formulaic recitations of the required elements, devoid of *any* factual details supporting a claim of willful and wanton negligence. *See* Compl ¶¶ 4, 5, ECF No. 7-1 ("Based on Defendant Wilson's experience, knowledge, and training, he knew that by[] failing to maintain control of his vehicle and failing to keep a proper lookout, he was putting other drivers at great risk of harm. Despite Defendant Wilson's experience, knowledge, and training, he failed to maintain control of his vehicle and failed to keep a proper lookout."). Plaintiff has not alleged the specific training Defendant Wilson received and how it related to the specific circumstances in this case, or any allegations of Defendant Wilson's egregious conduct rising above ordinary negligence that occurs in routine traffic violations.

Without such factual allegations, Plaintiff's Complaint attempts to cast Defendant Wilson's traffic violation as one involving willful and wanton negligence simply because Defendant Wilson was a trained truck driver. This is insufficient, and not the import of *Alfonso v. Robinson*. *See Harris v. Harman*, 486 S.E.2d at 102 ("While each case must be resolved on its own facts, willful and wanton negligence generally involves some type of egregious conduct—conduct going beyond that which shocks fair-minded people."); *McDonald v. Betsinger*, 2016 WL 958737, at *2 (W.D. Va. Mar. 8, 2016) (finding dismissal was appropriate because "the complaint fails to show that [the defendant] acted in a way that shows a conscious disregard of his presumed

safety training as a professional truck driver," noting that, "[i]n fact, the complaint contains no allegations, aside from the collision itself, that [the defendant] was acting with conscious disregard for others, so as to support a claim of willful or wanton negligence. Thus, the formulaic recitation of the legal standard for willful or wanton negligence in the complaint is insufficient to withstand a motion to dismiss.").

Based on the foregoing, Plaintiff's claim of willful and wanton negligence will be dismissed.

**B. Plaintiff's Request for Punitive Damages May Not Be Addressed Through a 12(b)(6) Motion to Dismiss**

Defendants also seek dismissal of Plaintiff's request for punitive damages. However, Plaintiff does not assert an independent claim or cause of action for punitive damages, and instead, Plaintiff requests punitive damages in his prayer for relief. The Court finds that Defendants' request is improper at the motion to dismiss stage.

"Because 'a demand for relief is not part of a plaintiff's statement of the claim,' the nature of the relief sought is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted." *Charles v. Front Royal Vol. Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 631 (W.D. Va. 2014) (quoting *Alexander v. Se. Wholesale Corp.,* 978 F. Supp. 2d 615, 624 n.7 (E.D. Va. 2013)). Accordingly, the Court denies Defendants' request, as a 12(b)(6) motion to dismiss is not the proper mechanism to challenge a plaintiff's request for punitive damages. *See id*. ("[P]unitive damages is not a cause of action subject to dismissal under Rule 12(b)(6)."); *Saleh v. Univ. of Va.*, 1999 WL 34798179, at *6 n.4 (E.D. Va. Feb. 25, 1999), *aff'd sub nom. Saleh v. Upadhyay*, 11 F. App'x 241 (4th Cir. 2001) ("At law, there is no independent, free-standing claim for punitive damages. Rather, punitive damages are an element of damages

available if certain claims are proved. Hence, there is no need to consider . . . these non-existent claims.”).

## V. CONCLUSION

For the reasons detailed above, the Court will grant in part and deny in part Defendants’ Partial Motion to Dismiss (ECF No. 7). The matter shall proceed on the basis of Plaintiff’s remaining claims of negligence and gross negligence.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 16, 2026
Richmond, Virginia